14174

W. C. ROBINSON & SON COMPANY v. GAMBLE, SHERIFF

(182 S. E., 745)

*Mr. J. J. Cantey,* for appellant,

*Messrs. Dinkins & Stukes,* for respondent,

November 16, 1935.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by W. C. Robinson & Son Company, plaintiff, against the defendant, J. E. Gamble, sheriff of Claren-

don County, was commenced in the Court of Common Pleas for the County of Clarendon and was instituted for the purpose set forth in the following agreed statement of counsel, appearing in the transcript of record: "The Appellant entered up its judgment against F. R. Dingle for and in the sum of one hundred and nine and 88/100 ($109.88) dollars on the 27th day of October, 1930, more than four months before said F. R. Dingle was adjudicated a bankrupt and said judgment has never been set aside or cancelled off record, and Appellant commenced this action or proceeding to require the respondent to set aside the homestead of said F. R. Dingle and apply the surplus proceeds to the satisfaction of the judgment of the Appellant and the costs of the proceedings. The Circuit Judge overruled the contention of the Appellant and sustained the return of the Respondent. Whereupon the Appellant served due and proper notice of an intention to appeal to the Supreme Court of South Carolina. All of the pleadings were properly verified. The facts alleged in all of the pleadings are admitted and incorporated as a part of the Statement."

The complaint of the plaintiff in the cause contained allegations in accordance with the statement of facts set forth in the above statement, and closed with the following allegations: "That the plaintiff has requested the said Defendant to set aside the homestead exemption of said F. R. Dingle and levy upon and sell said house and lot and apply all of the purchase or sale price of said house and lot, over and above exemptions, to the satisfaction of the costs of the proceedings and the judgment of the Plaintiff as aforesaid, but the said Defendant declines to do so, and desires a ruling of the Court upon the points at issue."

On consideration of the facts alleged in the complaint and on motion of plaintiff's attorney, his Honor, Judge P. H. Stoll, before whom the matter was heard, issued the following order: "It appearing that the Plaintiff has entered up in judgment Roll No. 7258 for the County and State

aforesaid a judgment in the sum of one hundred and nine and 88/100 ($109.88) dollars against F. R. Dingle, who owns a house and lot as more particularly described in the verified Complaint in the above entitled action, and that the Plaintiff has requested the Defendant to set aside the exemptions of said F. R. Dingle in and to said lot and house and levy upon and sell the said house and lot and apply the proceeds of sale to the costs of this proceeding and the satisfaction of the judgment of the plaintiff, but that the said defendant declines to do so and desires a ruling of the Court upon the points at issue; now therefore, it is Ordered Adjudged and Decreed that the defendant do show cause before me at Manning, S. C., at ten o'clock A. M., on the 17th day of June, 1935, or as soon thereafter as plaintiff and the defendant can be heard, why he, the said defendant does not set aside the exemptions of the judgment debtor as aforesaid, and levy upon and sell the house and lot as described in the complaint, and apply the proceeds of sale, over and above exemptions as aforesaid, to the costs of this proceeding and the satisfaction of the judgment of the plaintiff as aforesaid."

In response to this order, issued by his Honor, Judge Stoll, the defendant filed the following return and answer in the case: "First. That defendant admits so much of paragraphs first and second of the Complaint as alleges that plaintiff is a corporation under the laws of Maryland and secured a judgment against F. R. Dingle in the sum of one hundred and nine and 88/100 ($109.88) dollars on October 27th, 1930, and that the said F. R. Dingle executed and delivered a mortgage to Home Owners Loan Corporation on his house and lot in Summerton, said county and state, bounded as set forth in the complaint, but defendant has no knowledge or information sufficient to form a belief as to the truth of the remaining facts and allegations set forth in the complaint and hence denies the same. Further answering the complaint and as a return to the rule, defendant says: That he is informed and believes that J.

J. Cantey, plaintiff's attorney, obtained the judgment above referred to as attorney for the plaintiff, W. C. Robinson & Son Co., in that case and that same was filed October 27th, 1930. That thereafter the said J. J. Cantey as attorney for F. R. Dingle, filed a petition for said F. R. Dingle in bankruptcy in the District Court of the United States for the Eastern District of South Carolina and filed a schedule setting forth the creditors and the debts and liens of F. R. Dingle and that the said F. R. Dingle was adjudicated a bankrupt on July 29th, 1931. This defendant is further informed and believes that W. C. Robinson & Son Co., were duly notified of the proceeding in bankruptcy and submitted to the jurisdiction of the Court and filed their claims as other creditors, that thereafter on the —— day of April, 1932, W. W. Davis, trustee of the bankrupt estate, under proper order of the Court and with the approval of the referee in bankruptcy, disclaimed any interest in the real estate schedules by the bankrupt, leaving same in the name of the bankrupt subject to the liens for taxes and certain mortgages, and as to the dwelling house and lot of the bankrupt referred to in the complaint, same was appraised at seventeen hundred and fifty dollars on which a homestead of one thousand dollars and a first mortgage lien to Helen T. Kershaw for twenty-five hundred dollars was allowed and said property set off to the bankrupt subject to the lien for taxes and the mortgage to Helen T. Kershaw. That the defendant is further informed and believes that the bankrupt was duly discharged on October 3, 1932, said discharge being recorded in the office of the Clerk of Court for Clarendon County, S. C., in deed book A-11 at page 726. That since the execution and delivery of the aforesaid mortgage by F. R. Dingle to Home Owners Loan Corporation the said J. J. Cantey has requested defendant to set aside the homestead and levy upon and sell the said house and lot for the purpose of paying the judgment of W. C. Robinson & Son Co., hereinabove referred to. That defendant is a bonded officer and does

not wish to do any illegal act or any act as Sheriff not authorized by law and has been advised by Counsel that under the facts and circumstances hereinabove set forth that the discharge in bankruptcy above referred to released the bankrupt from the debt evidenced by the judgment above mentioned and that this defendant has no right under the law to comply with the request of the plaintiff's attorney. Wherefore, defendant prays that his return be adjudged sufficient by this honorable Court and that the said complaint be dismissed with costs."

The plaintiff filed the following reply in the cause:

"First. That plaintiff is informed and believes that the bankrupt, F. R. Dingle, did not pay any dividends to any of his creditors under and by virtue of the said bankruptcy proceedings and hence the plaintiff is not estopped to commence this action.

"Second. That the said F. R. Dingle was adjudicated a bankrupt more than four months after the judgment of the plaintiff was entered up and hence the U. S. District Court did not attempt to set aside or cancel the judgment of the plaintiff and said judgment is still a lien against the lands of said F. R. Dingle.

"Third. That under and by virtue of the Acts of the Congress of the United States there is no provision for setting aside the homestead of a debtor in bankruptcy, the remedy in such cases being to pursue either of the two remedies set out in the Code of Laws of the respective State, and hence the U. S. District Court, sitting in bankruptcy, did not attempt to set aside and record the homestead exemptions of the bankrupt, F. R. Dingle, and at any rate no declaration or proceeding for setting aside the homestead exemptions of said F. R. Dingle has ever been recorded in Clarendon County, S. C., as required and provided by Section 9086 of the Code of Laws of South Carolina, 1932. The Home Owners Loan Corporation satisfied and refinanced the mortgage of Helen T. Kershaw. Wherefore,

plaintiff prays that the return of the Defendant be dismissed."

Thereafter the matter was heard before his Honor, Judge Stoll, on the pleadings in the cause and all other papers recited above, all of which were verified, and the statement of facts stated therein admitted to be true. Upon due consideration, his Honor, Judge Stoll, reached the conclusion that the defendant's return was sufficient, and therefore ordered, adjudged, and decreed the return to be sufficient, and the plaintiff's petition was therefore denied, and the complaint in the cause dismissed.

From this order of Judge Stoll, upon due notice, the plaintiff has appealed to this Court, upon the following exception: "The appellant having entered up its judgment against F. R. Dingle more than four months before F. R. Dingle was adjudicated a bankrupt and said bankrupt having never paid his creditors any dividends, and said judgment having never been set aside or cancelled off record, there being no evidence of fraud, the Circuit Judge erred as a matter of law in refusing to order the respondent to set aside the homestead of said F. R. Dingle and apply the surplus proceeds, if any, to the satisfaction of the judgment of the appellant and the costs of the proceeding and the Supreme Court should correct the error."

Upon consideration of the entire record in the case, including the verified return of the defendant, the facts therein stated being admitted, it is our opinion that Judge Stoll reached the proper conclusion in the case and properly dismissed the plaintiff's complaint. It is undisputed that the trustee in bankruptcy did not undertake the administration of the property affected, and that the lien creditor proved his claim in the bankruptcy proceeding.

The exceptions are therefore overruled, and the order and judgment appealed from affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.